STEPHEN A. HIGGINSON, Circuit Judge, joined by KING, DAVIS, and DENNIS, Circuit Judges,
dissenting from denial of rehearing en banc.
I respectfully dissent from the denial of rehearing en banc, both for the reasons I noted in my panel dissent, and also for the reasons noted more eloquently by Charles Alan Wright in his article, The Doubtful OMNISCIENCE OF APPELLATE COURTS, 41 Minn. L.Rev. 751, 776 (1957). Wright identified more than fifty years ago the appellate court disarray and “controversy which now rages as to use of mandamus to review trial court orders granting or' denying a transfer to a more convenient forum, pursuant to 28 U.S.C. § 1404(a).” Section 1404(a) is Congress’s venue transfer statute, which uses plain language to entrust district judges with discretion and duty to balance multiple factors and assess interests of justice: “For the convenience of parties and witnesses,' in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought....” 28 U.S.C. § 1404(a) (emphases added). I would favor our court’s full attention to the question whether our construction today of this statute, asserted in my opinion more constrictingly even than in In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir.2008) (en banc), propounds appellate mandamus power over district, judges which the Supreme Court has said we do not have. See Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)- (All Writs Act available for “exceptional circumstances amounting to a judicial ‘usurpation of power’ ”).